Cameron G. ROUPE, Plaintiff-
Appellant,

v.

James STRICKLAND and Adam Veach,
Defendants-Appellees.

No. 15-35063

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 19,
2017 Seattle, Washington

Filed June 08, 2017

Tomas A. Gahan, Esquire, Trial Attor-
ney, PWRLK, Seattle, WA, for Plaintiff-
Appellant

John Turner Kugler, Turner Kugler
Law PLLC, Seattle, WA, for Defendants-
Appellees

Before: HAWKINS, GOULD, and
PAEZ, Circuit Judges.

MEMORANDUM *

In this 42 U.S.C. § 1983 action, Camer-
on Roupe appeals the adverse summary
judgment grant to Officers James Strick-
land and Adam Veach. We have jurisdic-
tion under 28 U.S.C. § 1291, and we af-
firm.

1. Summary judgment was correctly
granted to Officer Strickland on Roupe's
excessive force claim. Despite a liberal
construction of his filings, Roupe did not
show that the circumstances of the tasing
were genuinely in dispute for summary
judgment purposes. *See Thomas v. Pon-
der*, 611 F.3d 1144, 1149-50 (9th Cir. 2010).
Based on the undisputed material facts,
Officer Strickland's use of force was objec-
tively reasonable, and he was thus entitled
to qualified immunity. *See Kingsley v.
Hendrickson*, —— U.S. ——, 135 S.Ct.
2466, 2472-73, 192 L.Ed.2d 416 (2015);
*Bryan v. MacPherson*, 630 F.3d 805, 823
(9th Cir. 2010).

2. Officer Veach was also entitled to
qualified immunity because Roupe did not
allege or show facts that Officer Veach
violated Roupe's constitutional rights by
not reporting the tasing. *See Bryan*, 630
F.3d at 823. Accordingly, summary judg-
ment was correctly granted to Officer
Veach.

3. As for Roupe's claim that Officers
Strickland and Veach unlawfully failed to
seek medical attention for him after the
tasing, Roupe did not present evidence to
establish a genuine issue of material fact
that the Officers were deliberately indiffer-
ent to a serious medical need. *See Castro
v. County of Los Angeles*, 833 F.3d 1060,
1067-68 (9th Cir. 2016) (en banc); *Jett v.
Penner*, 439 F.3d 1091, 1096 (9th Cir.
2006). Accordingly, this claim fails as well.

4. The panel deems abandoned Roupe's
claim that the district court erroneously
ruled on the Defendants' Motion for Sum-
mary Judgment as if it were a motion to
dismiss. *See United States v. Loya*, 807
F.2d 1483, 1487 (9th Cir. 1987) ("Issues
raised in a brief which are not supported
by argument are deemed abandoned."). Fi-
nally, Roupe waived his remaining Wash-
ington state law claims by not renewing
them on appeal. *See Miller v. Fairchild*

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided
by Ninth Circuit Rule 36-3.

*Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).

**AFFIRMED.**